IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                   Case No. 18-10088-JWB

ANTHONY D. HERVEY,

        Defendant.

**MEMORANDUM AND ORDER**

This case is before the court on Defendant's motion for jail time credit. (Doc. 37.) Because the record shows the court is without jurisdiction to grant the relief requested, the motion is DISMISSED.

**I. Background**

A criminal complaint against Defendant was filed in this case on June 15, 2018. (Doc. 1.) Because Defendant was in custody in a local jail at the time, the government sought and obtained a writ of habeas corpus directing that Defendant be brought before this court. (Docs. 2, 3.) Defendant made his initial appearance in this case on June 18, 2018 and was ordered detained pending trial. (Docs. 7, 12.) An indictment against Defendant alleging one count of unlawful possession of a firearm by a convicted felon was filed June 27, 2018. (Doc. 13.)

On October 30, 2018, Defendant entered a plea of guilty to the indictment. (Doc. 23.) On January 15, 2019, the court sentenced Defendant to a term of imprisonment of 26 months, to be followed by three years of supervised release, and a $100 special assessment. (Doc. 31.) No direct appeal was taken.

On March 1, 2021, Defendant filed the current motion, which seeks "to have the jail time from approximately 6-18-18 to 1-14-19 served in Butler [County] jail credited to the … current 26 month sentence." (Doc. 37 at 1.) The motion alleges that the undersigned stated at sentencing that the time served in Butler County would be credited to Defendant's 26-month sentence. The motion indicates such a credit is not reflected in Defendant's current projected release date. (*Id.* at 2.)

## II. Legal Standard

Section 3585 of Title 18 provides in part that a defendant

shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.[1]

18 U.S.C. § 3585(b).

This provision "does not authorize a district court to compute [a sentence] credit at sentencing" for time served in pretrial detention. *United States v. Jenkins,* 38 F.3d 1143, 1144 (10th Cir. 1994) (quoting *United States v. Wilson,* 503 U.S. 329, 334 (1992)). "Rather, credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing." *Id.* "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." *Id.* A district court lacks jurisdiction to award any such credit. *Id.* A defendant therefore "must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter [may] seek judicial review of the Bureau's determination." *Id*. Defendant's motion does not allege that he has made a request, or exhausted his administrative remedies, with the Bureau of Prisons. *See United States v. Reyes,* No. 12-20066-KHV, 2015 WL 10945002, *1

---

[1] As this last clause makes clear, a defendant is not entitled to "double credit," meaning a pretrial custody credit against a federal sentence is not mandated by § 3585 if that time has been credited against a state sentence. *See Jones v. United States,* 2012 WL 2993653, *3 (D. Kan. July 20, 2012) (citing cases).

2

3

(D. Kan. Apr. 27, 2015) (prisoners must exhaust administrative remedies with the Bureau of Prisons before seeking judicial review of credits under § 3585(b)).

### III. Conclusion

Defendant's motion for jail time credit (Doc. 37) is DISMISSED without prejudice for lack of jurisdiction. IT IS SO ORDERED this 19th day of April, 2021.

                                                     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE